```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

TRUSTEES OF THE UNITED
TEACHERS OF NEW ORLEANS HEALTH              CIVIL ACTION
& WELFARE FUND

VERSUS                                      NO: 06-6799

HANOVER INSURANCE COMPANY                   SECTION: "J" (5)
```

### ORDER AND REASONS

Before the Court is plaintiff's Motion for Extension of Time to Remand (not yet docketed) and Motion for Remand (Doc. 7). The Motion for Remand is opposed. For the following reason, the Court finds that the motions should be DENIED.

### BACKGROUND

On September 29, 2006 defendant filed a Notice of Removal in this Court. On November 3, 2006 plaintiff filed its Motion for Extension of Time to Remand with a proposed order attached. Because the motion required the Court to make factual findings and was not consented to by defendant, the Court instructed plaintiff's counsel to file a Motion for Remand and notice that motion for hearing. Plaintiff's Motion for Remand was filed on

November 8, 2006. Plaintiff alleges that defendant failed to provide it notice of the removal, and that it only learned of the removal when it received a preliminary conference notice from the Court on November 3, 2006. Plaintiff argues that the delay in notice violates the requirement of 28 U.S.C. § 1446(d) that defendant provide "prompt written notice of its Removal action to all adverse parties." Plaintiff seeks remand on this basis alone.

Defendant responds that it attempted in good faith to deliver a copy of its removal notice to plaintiff, but failed to do so because of a "clerical mistake". Defendant asserts that it faxed plaintiff a copy of the notice on November 9, 2006 upon receiving notice of the Motion to Remand. Defendant argues that this notice was prompt and that plaintiff has suffered no prejudice.

## DISCUSSION

The parties seek to have the Court determine whether the notice to plaintiff was sufficiently prompt and whether the delay warrants remand. However, a threshold issue obviates the need to make these determinations. Under 28 U.S.C. § 1447(c) "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." The Fifth Circuit has instructed that "a district court has no discretion

to remand to state court when a motion to do so is grounded on improper removal procedures and that motion is not made within thirty days following *filing*." *Pavone v. Miss. Riverboat Amusement Corp.*, 52 F.3d 560, 566 (5th Cir. 1995) (emphasis in original). In the context of a Rule 6(e) extension, the Fifth Circuit held that the thirty day period began to run from the filing of the notice, regardless of when the notice was served on the adverse party. *Id.* Following the thirty day period, plaintiff is considered to have waived the right to remand based on the procedural defect. *Id.*

Although the Court is mindful of the potential for abuse created by such a rigid rule, the Court has been unable to find any authority to order remand following the thirty day period where subject matter jurisdiction exists in this Court. "As the Supreme Court noted in *Thermtron Products, Inc. v. Hermansdorfer*, '[W]e are not convinced that Congress ever intended to extend carte blanche authority to the district courts to revise the federal statutes governing removal by remanding cases on grounds that seem justifiable to them but which are not recognized by the controlling statute.' The rule established by *Thermtron* is that a district court exceeds its authority if it remands a case on grounds not expressly permitted by the controlling statute." *Buchner v. F.D.I.C.*, 981 F.2d 816, 820 (5th Cir. 1993) (quoting

*Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 351 (1976)).

**CONCLUSION**

Plaintiff has not disputed that subject matter jurisdiction exists in this Court based upon diversity of citizenship under 28 U.S.C. § 1332. This Court does not have authority to grant plaintiff's Motion for Extension of Time to Remand or its Motion to Remand because they were filed more than thirty days after the Notice of Removal was filed.

Accordingly,

**IT IS ORDERED** that plaintiff's Motion for Extension of Time to Remand (not yet docketed) and Motion for Remand (Doc. 7) are **DENIED**.

New Orleans, Louisiana this the 29th day of December, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE